UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Priscilla A. Zell,

         Plaintiff,

  v.

Commissioner of Social Security,

         Defendant.

**Decision and Order**

18-CV-197 HBS
(Consent)

## I.  INTRODUCTION

The parties have consented to this Court's jurisdiction under 28 U.S.C. § 636(c). The Court has reviewed the Certified Administrative Record in this case (Dkt. Nos. 10, 18, 24, hereafter cited in brackets), and familiarity is presumed. This case comes before the Court on cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. Nos. 20, 25.) In short, plaintiff is challenging the final decision of the Commissioner of Social Security (the "Commissioner") that she was not entitled to Disability Insurance Benefits under Title II, or Supplemental Security Income under Title XVI, of the Social Security Act. The Court has deemed the motions submitted on papers under Rule 78(b).

## II.  DISCUSSION

"The scope of review of a disability determination . . . involves two levels of inquiry. We must first decide whether HHS applied the correct legal principles in making the determination. We must then decide whether the determination is supported by substantial evidence." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987) (internal quotation marks and citations omitted). When a district court reviews a denial of benefits, the Commissioner's findings as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). Substantial evidence is defined as "'more

than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).

The substantial evidence standard applies to both findings on basic evidentiary facts, and to inferences and conclusions drawn from the facts. *Stupakevich v. Chater*, 907 F. Supp. 632, 637 (E.D.N.Y. 1995); *Smith v. Shalala*, 856 F. Supp. 118, 121 (E.D.N.Y. 1994). When reviewing a Commissioner's decision, the court must determine whether "the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Winkelsas v. Apfel*, No. 99-CV-0098H, 2000 WL 575513, at *2 (W.D.N.Y. Feb. 14, 2000). In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Briggs v. Callahan*, 139 F.3d 606, 608 (8th Cir. 1998). The Court may not reverse the Commissioner merely because substantial evidence would have supported the opposite conclusion. *Id.*

For purposes of Social Security disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

Plaintiff bears the initial burden of showing that the claimed impairments will prevent a return to any previous type of employment. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." *Id.*; *see also Dumas v. Schweiker*, 712 F.2d 1545, 1551 (2d Cir. 1983); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).

To determine whether any plaintiff is suffering from a disability, the Administrative Law Judge ("ALJ") must employ a five-step inquiry:

(1) whether the plaintiff is currently working;
(2) whether the plaintiff suffers from a severe impairment;
(3) whether the impairment is listed in Appendix 1 of the relevant regulations;
(4) whether the impairment prevents plaintiff from continuing past relevant work; and
(5) whether the impairment prevents the plaintiff from continuing past relevant work; and whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; *Berry*, *supra*, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry then the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). However, the ALJ has an affirmative duty to develop the record. *Gold v. Secretary*, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a plaintiff from performing past work, the ALJ is required to review the plaintiff's residual functional capacity ("RFC") and the physical and mental demands of the work done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). The ALJ must then determine the individual's ability to return to past relevant work given the RFC. *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994).

Plaintiff objects to the Appeals Council's decision to reject additional evidence, submitted about a year after the ALJ's decision, of her major depressive disorder and borderline intellectual functioning. "Plaintiff knew that her social workers at the Department of Community Services

3

deemed her unemployable, based on the severe impairments that were at play in the ALJ's decision. It was wholly improper for the Appeals Council to reject them out of hand based only on their dates." (Dkt. No. 20-1 at 15.) The Commissioner disagrees that the evidence, comprising copies of the same one-page form completed in May and August 2017, is new and material. "Indeed, Mr. Peters, the social worker who completed the forms, skipped entirely the section calling for a description of Plaintiff's restrictions (Tr. 643–44). Even a treating physician opinion can be discounted where the opinions provided are merely checkbox forms that offer little or nothing with regard to clinical findings and diagnostic results." (Dkt. No. 25-1 at 28 (internal quotation marks and citation omitted).) The Court agrees with the Commissioner on this point. The ALJ issued her decision on August 9, 2016. On May 8 and August 7, 2017, a social worker at the Cattaraugus County Department of Community Services completed a one-page disability assessment. The substantive portion of each completed form looks like this:

```
Diagnostics:

Axis I:  Code: F32.3      Desc: Major Depressive Disorder

Axis II: Code: R41.83     Desc: Borderline Intellectual Functioning

Is the individual employable:      YES      (NO)       YES with Restrictions

Restrictions: _____
              _____.

Duration: 90 Days

Prognosis:   Good      Fair       Guarded       (Poor)
```

[18 at 3, 4.] The forms contain no substantive explanations from treating sources of the conclusory information listed, some of which addresses matters reserved to the Commissioner. *See Shipp v.*

4

*Colvin*, No. 16-CV-919 HBS, 2018 WL 4870748, at *3 (W.D.N.Y. Oct. 9, 2018) ("The remainder of the checkmarks in the questionnaire come with no explanation and are too conclusory to oppose a consistent medical record. The Second Circuit has held that such standardized form opinions are only marginally useful for purposes of creating a meaningful and reviewable factual record.") (internal quotation marks and citations omitted); *see also* 20 C.F.R. §§ 404.1527(d)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."); 416.927(d)(1) (same); *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("Moreover, some kinds of findings—including the ultimate finding of whether a claimant is disabled and cannot work—are reserved to the Commissioner.") (internal quotation marks and citation omitted). The forms thus do not constitute new and material evidence that could affect the outcome of the Commissioner's final determination. *See Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988) (citations omitted).

Next, plaintiff objects that the ALJ ignored an opinion from a treating physician about her capacity for work. "Plaintiff's longtime treating physician Dr. Dale Deahn opined that Plaintiff could only work in a part-time capacity, at a 'slow paced job without fear of being fired.' (Tr. 360). The ALJ completely ignored this opinion. Because the ALJ is required to review all opinions, her failure to weigh this opinion that contradicts her RFC was a harmful error that warrants remand." (Dkt. No. 20-1 at 15; *see also* Dkt. No. 26 at 3.) The Commissioner responds that plaintiff misunderstood the nature of the comment in the record. "Significantly, those remarks appear under the portion of the progress note recording the patient's subjective symptoms, and are not repeated in any form in the objective, diagnostic, or prescriptive portions of the note (Tr. 360–62). The closest Dr. Deahn's objective findings come to providing a functional assessment is his remark, in summarizing the status of her anxiety diagnosis, that she was 'struggling with her current situation'

5

(Tr. 361)." The Commissioner is correct. The comment that plaintiff cites comes from a note of a clinical visit on March 15, 2012. Specifically, the note's History of Present Illness ("HPI") states the following, reprinted here in full:

> Feels ready to get a job but certainly with restrictions—part time only—did put out some resumes but has not gotten any answers back—Veterinary Centers to clean out kennels—a slow paced job without fear of being fired.

[10 at 365.] The word "feels" refers to plaintiff reporting about herself. Plaintiff's subjective self-reporting about her medical history would be consistent with the purpose of an HPI. *See* History of Present Illness (HPI), *available at* https://meded.ucsd.edu/clinicalmed/history.htm (last visited Oct. 16, 2019); *see also Fox v. Astrue*, No. 2:11-CV-223, 2012 WL 3070041, at *10 (D. Vt. July 30, 2012) ("The ALJ was not obligated to assign weight to treatment notes such as this, which made no assessments or opinions about Fox's functional or mental abilities."). Plaintiff's objection about a treating physician opinion being ignored thus is overruled.

Plaintiff argues that the ALJ overlooked significant side effects from her medication. "Throughout treatment, Plaintiff reported significant side effects from her mental health medication. Yet at no point does the ALJ cogently discuss these side effects—despite the fact that Plaintiff was prescribed a very strong anti-psychotic medication—Haldol. In fact, the ALJ does not even acknowledge in her decision that Plaintiff was prescribed this medication, which undermines her determination. As such, the ALJ's RFC is unsupported, warranting remand." (Dkt. No. 20-1 at 17.) The Commissioner responds by citing to the portions of the record that did address medication side effects:

> Plaintiff's alternative interpretation of the evidence is decidedly incomplete, as she completely ignores her diagnoses of other conditions affecting her sleep and symptoms of daytime drowsiness, most notably obstructive sleep apnea (Tr. 26, 608, 629). Her position is also inconsistent with her repeated statements during the course of treatment that she experienced no side effects from her medications (Tr. 397, 580, 584, 589, 594, 631, 638). Furthermore, her claim that the ALJ overlooked

6

> the symptoms she cites is contradicted by the ALJ's explicit consideration, not only of Dr. Maiden's remark that she was "heavily medicated," but also of her reported symptoms of sleeping difficulties and inadequate energy levels (Tr. 29, 338, 572, 584, 594, 599). Additionally, both the ALJ and Plaintiff's attorney questioned her at some length about medication side effects at her hearing, but the only specific problem she identified was dry mouth (Tr. 64-66). It is the claimant's burden to prove a more restrictive RFC than the ALJ assessed. *Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018). Plaintiff falls far short of demonstrating that the ALJ erred by not including additional limitations related to the side effects of her medications.

(Dkt. No. 25-1 at 20–21.) The Commissioner has the better argument here. The ALJ did not use the word "Haldol" in her decision but cited to the same exhibits that plaintiff did. For example, plaintiff cited a treatment plan review from May 9, 2014 as evidence of disordered sleep from her medication. [10 at 446.] The ALJ cited the same treatment plan [10 at 35]. The records that both parties cited show an acknowledgment that plaintiff was taking medication and that the medication was helping. By June 2015, plaintiff was "[t]aking medication as prescribed. No medication side effects noted. Usually follows recommended diet status." [10 at 567.] Between March and May 2015, the Cattaraugus County Department of Community Services separately noted an improvement in plaintiff's sleep cycle, from "disturbed" to "good." [10 at 579, 582.] Substantial evidence thus supports the Commissioner's assessment of plaintiff's medication. Plaintiff's objection is overruled.

Finally, plaintiff objects that the ALJ did not use the proper standard when assessing her subjective complaints. "Here, the ALJ rejected Plaintiff's subjective complaints because they were not 'fully consistent with the clinical evidence.' (Tr. 32). Later, she said 'in short, the clinical evidence of record does not support the extent of the limitations alleged.' That is the wrong standard. Where it is clear the ALJ applied the wrong legal standard, remand is warranted." (Dkt. No. 20-1 at 20.) The Commissioner responds that "the ALJ set out the two-step consistency analysis and considered Plaintiff's allegations of disability based on bipolar disorder, depression, and anxiety, explicitly recognizing her alleged limitations in specific functional areas (Tr. 28-29, 49, 51,

7

58, 61, 63, 178, 195-96). At step one, the ALJ found 'that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms' (Tr. 29). *See* 20 C.F.R. §§ 404.1529(b), 416.929(b). As noted above, the ALJ assessed the severe impairments of obesity, bipolar disorder, major depressive disorder, anxiety disorder, and borderline intellectual functioning (Tr. 25). The ALJ then proceeded to the second step to determine whether her statements about the intensity, persistence, and limiting effects of those symptoms were consistent with the medical evidence and other evidence in the record (Tr. 28-29). *Id.* §§ 404.1529(c), 416.929(c). The ALJ determined that her statements were not entirely consistent with the medical evidence and other evidence in the record (Tr. 29)." (Dkt. No. 25-1 at 17.)

The Court agrees with the Commissioner. "In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. We will consider all of your statements about your symptoms, such as pain, and any description your medical sources or nonmedical sources may provide about how the symptoms affect your activities of daily living and your ability to work. However, statements about your pain or other symptoms will not alone establish that you are disabled. There must be objective medical evidence from an acceptable medical source that shows you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and that, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled." 20 C.F.R. § 404.1529(a); *see also* 20 C.F.R. § 416.929(a) (same). The ALJ explicitly cited these regulations and other authorities. [10 at 33.] The regulations on their face allow for an assessment of consistency between statements of pain and

other symptoms and the objective medical evidence. The ALJ noted plaintiff's statements of symptoms including racing thoughts, pressured speech, and panic attacks. [10 at 34.] The ALJ then compared plaintiff's statements to clinical records, cited above, that showed how plaintiff improved with treatment and medication. Having used the proper regulations, the ALJ had discretion to find that plaintiff's statements and the objective medical evidence did not match. *Cf., e.g., Barry v. Colvin*, 606 F. App'x 621, 624 (2d Cir. 2015) (summary order). Substantial evidence supports the ALJ's conclusion that the statements and the objective medical evidence were somewhat consistent but "not entirely." Plaintiff's objection thus is overruled.

### III. CONCLUSION

The Commissioner's final determination was supported by substantial evidence. For the above reasons and for the reasons stated in the Commissioner's briefing, the Court grants the Commissioner's motion (Dkt. No. 25) and denies plaintiff's cross-motion (Dkt. No. 20).

The Clerk of the Court is directed to close the case.

SO ORDERED.

/s Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

DATED: October 22, 2019